CHOAL, et al., Respondents

v.

LYMAN IND. SCH. DIST. NO. 12 BD. OF ED., Appellant

(214 N.W.2d 3)

(File No. 11242. Opinion filed January 10, 1974)

Johnson & Johnson, Charles Rick Johnson, Gregory, for plaintiffs and respondents.

Brost & Brost, Dallas E. Brost, Presho, for defendant and appellant.

DOYLE, Justice.

This appeal involves the question of whether the action taken by the Board of Education for the Lyman Independent School District No. 12, by assigning the seventh and eighth grade students of Reliance to the Kennebec Junior High School, amounts to a closing of the Reliance Elementary School.

The present Lyman Independent School District No. 12 is the result of the reorganization of four former independent school districts, Vivian, Presho, Kennebec and Reliance. The district operates one high school at Presho, a junior high at Kennebec and four elementary schools, one at each of the above-mentioned towns. The sixth, seventh and eighth grade students from Kennebec and Presho and the seventh and eighth grade students from Vivian are assigned to the junior high school in Kennebec.

The controversy arose in June 1972, when the appellant at a regular school board meeting, upon motion, assigned the seventh and eighth grade students of Reliance to the Kennebec Junior High School.[1] This assignment was against the wishes and without the approval of the parents and resident voters, the respondents herein. The respondents brought action and the circuit court ruled that the appellant was required by SDCL 13-6-9 to operate grades one through eight at Reliance until such time the resident voters voted to terminate the operation of the elementary school.

The respondents contend the action taken by the appellant constituted a closing of the elementary school without the requisite approval of the voters pursuant to SDCL 13-6-9. SDCL 13-6-9 in relevant part provides:

> "The school board of an independent school district shall continue to operate any elementary school in operation as of December 5, 1968 until such time as only the resident voters of the former common district area which operated said elementary school shall vote to cease operating said school or schools."[2]

---

1. According to the record seven students are involved in the assignment.

2. Ch. 85, § 8, S.L.1973 amended the statute and substituted: "former common school district area" for "area" in the first sentence, and made other changes not pertinent herein.

The respondents argue that the legislature intended the term "elementary school" to mean the first eight grades. Therefore, the appellant has in effect closed the Reliance Elementary School by its failure to maintain all eight grades there.

Although we find no explicit definition regarding the number of grades necessary to constitute an elementary school, we cannot accept the respondents' view that eight grades are necessary. It is our opinion that the appellant had the power to make the assignment under SDCL 13-28-15. SDCL 13-28-15 provides:

> "Every school board shall have the power and duty to make assignment and distribution of all elementary students with school residence within the district. The board shall take into consideration in assigning and distributing students its duty to provide equal educational facilities, the wishes of the patrons, and the best interests of the students in the district."

The record is clear that the Reliance school is presently open and operating with grades one through six. This being the case, we cannot agree with the trial court's conclusion that the school had been closed by the action taken by the appellant.

Reversed.

BIEGELMEIER, C. J., and WOLLMAN and DUNN, JJ., concur.

WINANS, J., dissents.

WINANS, Justice (dissenting).

I dissent from the opinion in the foregoing case for the reason that the majority opinion misstates the problem involved when it says, as it does say, "We cannot accept the respondents' view that eight grades are necessary". It is plain to me that if there are no seventh graders or eighth graders or any other graders from one to eight, whatever remains is still an elementary

school, and respondents do not contend to the contrary. What the respondents do contend, however, and what the lower court held, is that the school board had no authority to transfer the seventh. and eighth grade students from the Reliance elementary school to Kennebec against the wishes of the parents until the resident voters of the area vote to cease operating said school or grades as required by SDCL 13-6-9.

The lower court expressed the law well in a memorandum decision and I wish to borrow from that memorandum decision because I believe it expresses the problems involved here as well as the governing law much better than the majority opinion of this Court. Quote from the opinion of the lower court:

"SDCL 13-6-9 in its present form states:

'Continuation of operation of elementary school in independent school district—Election to cease operation—Authority to close school. —The school board of an independent school district shall continue to operate any elementary school in operation as of December 5, 1968 until such time as only the resident voters of the area which operated said elementary school shall vote to cease operating said school or schools. Such election shall be called by the school board of the independent school district by resolution or upon a petition by twenty percent of the electors residing in such area and shall be conducted in accordance with the laws governing elections in independent school districts, provided, however, that the provisions of this section shall not apply to any elementary school which by its continued operation would make the district ineligible for State aid under the provisions of Sections 13-13-10 to 13-13-41, inclusive. The Board shall have the authority to close such a school when the average daily membership does not exceed three and bus service is provided within two and one-half miles of pupil's residence.'

This statute, except for the last sentence, was passed by the 1967 Legislature but was subsequently suspended by referendum petition and was submitted to a vote at the general election of November 5, 1968. It was approved by the electors at said election and became effective on and after the day the canvas of the vote thereon was completed by the State Canvassing Board as provided by SDCL 2-1-4. The same statute with the last sentence added was reenacted by the 1972 Legislature in Chapter 92 of the South Dakota Session Laws.

The respondent school board admits that it has assigned 7 students, 2 seventh graders and 5 eighth graders from the elementary school at Reliance, South Dakota to the junior high school system at Kennebec, South Dakota. Said board contends that such an assignment does not come within the provisions of SDCL 13-6-9 (Supra) and that such assignment is specifically authorized by SDCL 13-28-15 which reads:

'Assignment of elementary students within district—Factors considered.—Every school board shall have the power and duty to make assignment and distribution of all elementary students with school residence within the district. The board shall take into consideration in assigning and distributing students its duty to provide equal educational facilities, the wishes of the patrons, and the best interests of the students in the district.' (Last amended in 1961)

\* \* \* \* \* \*

Whether or not it was wise and for the best interests of the students of Lyman Independent School District No. 12 to establish and operate a junior high school at Kennebec is not for this Court to decide. The question presented is entirely a legal question namely: Did the respondent school board have the legal right to assign the 7th and 8th grade students from the Re-

liance Elementary School to Kennebec junior high school under the laws of the State of South Dakota? If the Board did have that right then the questioned assignment must be approved. If not such assignment must be set aside.

The essential facts are undisputed. The respondent, Independent School Board, made the questioned assignment without the acquiescence and against the wishes of the parents of the students assigned and without the approval of the resident voters of the area which had, since December 5, 1968, operated the Reliance elementary school of eight grades. The assignment statutes, SDCL 13-28-15, 16, 17, 18 & 19, were passed in their present form in 1961. SDCL 13-6-9 was enacted by the South Dakota Legislature in 1967 and approved by the electors in the general election of 1968.

It is the opinion of this Court that the Respondent school board did not have the legal right to assign the 7th and 8th grade students from the Reliance Elementary School to the Kennebec junior high school without the approval of the resident voters of the area which had operated the Reliance elementary school of eight grades since December 5, 1968 and that such assignment must be therefore set aside. SDCL specifically provides that: 'The school board of an independent school district shall continue to operate *any elementary school in operation as of December 5, 1968* until such time as only the resident voters of the area which operated said elementary school shall vote to cease operating said school or schools.' The battle over compulsory school reorganization in South Dakota was long and bitter. The principal fear of the parents and electors in the smaller towns and cities was that they would lose and be forced to close their grade schools. In order to allay that fear and assure voter approval SDCL 13-6-9 was passed by the South Dakota Legislature as a part of a Compulsory School Reorganization law (Chapter 38, 1967 S.L.) requiring all territory or land area within the State of

South Dakota to become a part of an independent school district on or before July 1, 1970. It is also the opinion of this Court that the generally accepted meaning of the terms 'grade school' or 'elementary school' under the statutes quoted above is the first eight grades of school as distinguished from the last four grades of school which are commonly known as high school. And that the adoption by the State Board of Education on March 9, 1970 of a different definition of elementary school could not defeat the express provisions of SDCL 13-6-9 in view of the clear terms thereof.

This opinion has no bearing on the establishment and operation of the junior high school at Kennebec and does not render invalid any other assignments made to that junior high school by the Lyman Independent School District #12 Board of Education."

It is my opinion that the circuit court recognized the problem and the law applicable to that problem and that this Court should sustain rather than reverse its judgment. I further believe that the ruling by this Court that the school board could make the transfers of the seventh and eighth graders without an election will allow them to transfer other grades in coming years, calling it a Junior High School or some other name than "elementary", and thus allow them to do by indirection what SDCL 13-6-9 absolutely prohibits.

Another point that should be considered, and which the majority opinion completely overlooks, is that the statute on which the school board appears to be relying (SDCL 13-28-15) states specifically that the school board shall take into consideration the wishes of the patrons as well as the best interests of the students in the district. It is clear beyond doubt, and not even questioned, that the patrons of the district, parents of the children in the seventh and eighth grades so transferred, did not wish the transfer to be made. Whether the best interests of the students so transferred are served under such circumstances is an unresolved question. I would affirm.